UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ESTEBAN BRAVO OLIVAR, individually and on behalf of all others similarly situated,

                               Plaintiff,

      -against-

RUEY CHAI CORP. d/b/a THAI CHIC BISTRO, JANPEN PHUPEERASUPONG and JITLADA SOIPETCH, as individuals,

                               Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff **ESTEBAN BRAVO OLIVAR**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, bring this action against **RUEY CHAI CORP. d/b/a THAI CHIC BISTRO and JANPEN PHUPEERASUPONG and JITLADA SOIPETCH, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 1241 Broadway, Hewlett, NY 11557.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff ESTEBAN BRAVO OLIVAR residing at Corona, NY 11368 was employed by RUEY CHAI CORP. d/b/a THAI CHIC BISTRO, from in or around March 2020 until in or around August 2022.

8. Upon information and belief, Defendant RUEY CHAI CORP. d/b/a THAI CHIC BISTRO, is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices located at 1241 Broadway, Hewlett, NY 11557.

9. Upon information and belief, Defendants JANPEN PHUPEERASUPONG and JITLADA SOIPETCH are the owners of RUEY CHAI CORP. d/b/a THAI CHIC BISTRO.

10. Upon information and belief, Defendants JANPEN PHUPEERASUPONG and JITLADA SOIPETCH are agents of RUEY CHAI CORP. d/b/a THAI CHIC BISTRO.

11. Upon information and belief, Defendants JANPEN PHUPEERASUPONG and JITLADA SOIPETCH are responsible for overseeing the daily operations of RUEY CHAI CORP. d/b/a THAI CHIC BISTRO.

12. Upon information and belief, JANPEN PHUPEERASUPONG and JITLADA SOIPETCH have power and authority over all the final personnel decisions of RUEY CHAI CORP. d/b/a THAI CHIC BISTRO.

13. Upon information and belief, JANPEN PHUPEERASUPONG and JITLADA SOIPETCH have the power and authority over all final payroll decisions of RUEY CHAI CORP. d/b/a THAI CHIC BISTRO., including the Plaintiff.

14. Upon information and belief, JANPEN PHUPEERASUPONG and JITLADA SOIPETCH have the exclusive final power to hire the employees of RUEY CHAI CORP. d/b/a THAI CHIC BISTRO., including the Plaintiff.

15. Upon information and belief, JANPEN PHUPEERASUPONG and JITLADA SOIPETCH have exclusive final power over the firing and terminating of the employees of RUEY CHAI CORP. d/b/a THAI CHIC BISTRO., including Plaintiff.

16. Upon information and belief, JANPEN PHUPEERASUPONG and JITLADA SOIPETCH are responsible for determining, establishing, and paying the wages of all employees of RUEY CHAI CORP. d/b/a THAI CHIC BISTRO., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

17. Accordingly, at all relevant times hereto, Defendants JANPEN PHUPEERASUPONG and JITLADA SOIPETCH was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

18. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that RUEY CHAI CORP. d/b/a THAI CHIC BISTRO., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

19. Plaintiff ESTEBAN BRAVO OLIVAR was employed by RUEY CHAI CORP. d/b/a THAI CHIC BISTRO, food preparer, cleaner and kitchen helper while performing related miscellaneous duties for the Defendants, from in or around March 2020 until in or around August 2022.

3

20. Plaintiff ESTEBAN BRAVO OLIVAR regularly worked approximately three (3) days per week from in or around March 2020 until in or around December 2021 and five (5) days per week from in or around January 2022 until in or around August 2022.

21. Plaintiff ESTEBAN BRAVO OLIVAR regularly worked a schedule of shifts beginning at approximately 11:30 a.m. and regularly ending at approximately 10:30 p.m. or later, three (3) days per week from in or around March 2020 until in or around December 2021 and five (5) days per week from in or around January 2022 until in or around August 2022.

22. Thus, Plaintiff was regularly required to work approximately thirty-three (33) hours or more hours each week from in or around March 2020 until in or around December 2021 and approximately fifty-five (55) hours or more hours each week from in or around January 2022 until in or around August 2022.

23. Plaintiff ESTEBAN BRAVO OLIVAR was paid by Defendants a flat daily rate of approximately:

    i. $110.00 per day for all hours worked from in or around March 2020 until in or around December 2020;

    ii. $140.00 per day for all hours worked from in or around January 2021 until in or around December 2021; and

    iii. $160.00 per day for all hours worked from in or around January 2022 until in or around August 2022.

24. Although Plaintiff regularly worked approximately fifty-five (55) hours or more hours each week from in or around January 2022 until in or around August 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

25. Additionally, Plaintiff ESTEBAN BRAVO OLIVAR worked in excess of ten (10) or more hours per day approximately three (3) days per week from in or around March 2020 until in or around December 2021 and five (5) days per week from in or around January 2022 until in or around August 2022, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

26. Furthermore, Plaintiff was not compensated at all for his last two weeks of employment by the Defendants.

27. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

28. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

29. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

30. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

31. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

33. Collective Class: All persons who are or have been employed by the Defendants as food preparers, cleaners, kitchen helpers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

34. Upon information and belief, Defendants employed approximately 10 to 15 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

35. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

36. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

37. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

38. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

39. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

40. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

41. The claims of Plaintiff are typical of the claims of the whole putative class.

42. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

43. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

44. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

46. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

47. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

48. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

49. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

50. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

53. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

54. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

57. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

58. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

61. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

### FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

64. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

### SIXTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

67. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

70. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

   b. Awarding Plaintiff's unpaid overtime wages;

   c. Awarding Plaintiff's unpaid wages;

   d. Awarding Plaintiff's spread of hours compensation;

   e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

   f. Awarding Plaintiffs prejudgment and post-judgment interest;

   g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:   August 17, 2022
         Kew Gardens, NY


*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ESTEBAN BRAVO OLIVAR, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

RUEY CHAI CORP. d/b/a THAI CHIC BISTRO, JANPEN PHUPEERASUPONG and JITLADA SOIPETCH, as individuals,

Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**Service via Secretary of State and Personal Service:**
**RUEY CHAI CORP. d/b/a THAI CHIC BISTRO (DOS ID#4874810)**
1241 Broadway, Hewlett, NY 11557

**JANPEN PHUPEERASUPONG**
1241 Broadway, Hewlett, NY 11557

**JITLADA SOIPETCH**
1241 Broadway, Hewlett, NY 11557